UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESUS QUINONES,
on behalf of himself and
all others similarly situated,

            Plaintiff,

        v.                                          Case No. 21-C-995

EXTREME CUSTOMS, LLC, and
TYLER REILLY,

            Defendants.

## DECISION AND ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

      Plaintiff Jesus Quinones, on behalf of himself and all others similarly situated, brought this action against Defendants Extreme Customs, LLC and Tyler Reilly, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and Wisconsin's Wage Payment and Collection Laws (WWPCL), based on Defendants' failure to pay overtime wages and earned commissions. In their amended answer, Defendants assert four counterclaims against Plaintiff for breach of contract, breach of fiduciary duty, breach of duty of loyalty, and unjust enrichment. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and his WWPCL claims pursuant to 28 U.S.C. § 1367. Before the Court is Plaintiff's motion to dismiss Defendants' amended counterclaims for lack of jurisdiction or, in the alternative, for failure to state a claim. For the following reasons, the motion will be granted-in-part and denied-in-part.

### CLAIMS AND COUNTERCLAIMS

      According to the complaint, Tyler Reilly owns, operates, and manages Extreme Customs, LLC. Compl. ¶ 15, Dkt. No. 1. Extreme Customs is in the business of selling vehicle accessories.

*Id.* at ¶ 12. Sometime around March 2021, Defendants hired Plaintiff as a sales associate, where he worked as an hourly-paid, non-exempt employee. *Id.* at ¶ 33. In addition to his hourly rate of pay, Plaintiff was compensated with non-discretionary forms of compensation such as commissions and bonuses. *Id.* at ¶ 45. Plaintiff alleges that Defendants violated the FLSA by "failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime calculation purposes." *Id.* at ¶ 79. He seeks relief under the WWPCL on the same ground. *Id.* at ¶ 89.

In their amended answer, Defendants allege that Plaintiff was an at-will employee working as a salesperson at Extreme Customs. Am. Answer ¶¶ 38–39, Dkt. No. 21. Defendants assert that Plaintiff "possessed control over the sales lead process and had knowledge regarding key aspects of [Extreme Custom's] business so that he could successfully make sales." *Id.* at ¶ 40. Plaintiff allegedly asked to work remotely during the COVID-19 pandemic and was given permission to do so because "he was a trusted sales person who had shown the ability to work diligently and reliably." *Id.* at ¶¶ 41–42. Defendants assert that Plaintiff's performance declined considerably while working from home and that they learned Plaintiff was "misrepresenting the hours worked and committing timecard fraud." *Id.* at ¶¶ 46–48. Once this false reporting was discovered, Defendants allege, Plaintiff quit. *Id.* at ¶ 51. As a result of these allegations, Defendants assert four counterclaims against Plaintiff: breach of contract, breach of fiduciary duty, breach of duty of loyalty, and unjust enrichment. Defendant seeks compensatory and punitive damages as well as equitable relief.

## ANALYSIS

### A. Supplemental Jurisdiction

Plaintiff argues that the Court should decline to exercise supplemental jurisdiction over Defendants' counterclaims. Under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, the Court may nonetheless decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the Court has original jurisdiction, (3) the Court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). District courts should include considerations of economy, convenience, fairness, and comity in exercising the jurisdiction § 1367 affords them. *Montano v. City of Chicago*, 375 F.3d 593, 602 (7th Cir. 2004) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

Plaintiff does not dispute that Defendants' counterclaims form part of the same case or controversy under Article III of the United States Constitution, Dkt. No. 23 at 4, and rightfully so. Defendants' counterclaims "derive from a common nucleus of operative fact," *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)), namely, the factual dispute over to what extent Plaintiff worked, and consequentially, what he is owed or owes. Thus, the Court concludes that Defendants' counterclaims are so related to Plaintiff's FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

Plaintiff does argue, however, that the Court should decline to exercise supplemental jurisdiction on the ground that Defendants' counterclaims involve complex issues of state law that

3

would predominate over Plaintiff's FLSA claims. The Court disagrees and finds *Ahle v. Veracity Research Company*, 641 F. Supp. 2d 857 (D. Minn. 2009), to be persuasive. In that case, the plaintiffs filed a putative collective action under the FLSA, alleging that they were misclassified as exempt from the overtime compensation requirements of the FLSA. *Id.* at 862. The defendant brought multiple counterclaims against the plaintiffs, including breach of the duty of loyalty and honesty, forfeiture or disgorgement, intentional misrepresentation, and negligent misrepresentation, based on allegations that the plaintiffs falsified their time and mileage reports. *Id.* at 863. En route to holding that the exercise of supplemental jurisdiction over the counterclaims was proper, the *Ahle* court said

> Veracity's counterclaims for breach of the duty of loyalty and honesty, forfeiture or disgorgement, intentional misrepresentation, and negligent misrepresentation involve a factual question that, like the FLSA overtime claims, concerns whether Ahle, Jordan, and Abrams are entitled to compensation for time they claimed they were working. Specifically, the counterclaims turn on the question of whether Veracity is entitled to recover compensation paid to Ahle, Jordan, and Abrams for time they claimed they were performing work for Veracity but actually were engaged in conduct for which they were not entitled to compensation. And, as Plaintiffs concede, the evidence that will be necessary to establish the counterclaims (time records, payroll records, etc.) will also be relevant to the FLSA overtime claims. . . .The Court concludes, therefore, that supplemental jurisdiction exists over Veracity's counterclaims for breach of the duty of loyalty and honesty, forfeiture or disgorgement, intentional misrepresentation, and negligent misrepresentation.

*Id.* at 863–64. The *Ahle* court further rejected the plaintiffs' arguments under 28 U.S.C. § 1367(c), noting that the counterclaims were "closely intertwined" with the FLSA overtime claims such that they would not substantially predominate over them. *Id.* at 864.

The same conclusions apply with equal force to this case. Defendants' counterclaims "involve a factual question that, like the FLSA overtime claims, concerns whether [Plaintiff is] entitled to compensation for the time [he claims he was working]." *Id.* at 863. Again, as was the case above, Defendants' counterclaims turn on the question of whether Defendants are entitled to

4

recover compensation paid to Plaintiff for the time he claimed he was performing work for Extreme Customs but was actually engaged in conduct for which he was not entitled to compensation. *Id.* In other words, Plaintiff claims he was not paid what he is entitled to for work performed for Extreme Customs, and Defendants claim Plaintiff was paid for work he did not perform. Thus, the Court concludes that the exercise of supplemental jurisdiction over Defendants' counterclaims is appropriate.

The cases cited by Plaintiff do not compel a different result. *Espenscheid* involved a conditionally certified class of over 5,000 current or former installation technicians working at 25 locations throughout the United States, and the defendant sought to assert counterclaims against every plaintiff that opted into the class. *Espenscheid v. DirectSat USA, LLC*, No. 09-cv-625-bbc, 2010 WL 2671585 (W.D. Wis. June 30, 2010). Judge Crabb recognized that exercising supplemental jurisdiction over the defendant's counterclaims would involve complex factual determinations for each of the 5,000 class members, raise thorny choice-of-law questions, and could potentially chill participation in the collective action. *Id.* at *4–5. No such concerns are present where, as here, no collective or class has been certified, the counterclaims are asserted against the sole plaintiff, the applicable law is readily identifiable, and no potential chilling effect has been asserted. The other case cited by Plaintiff, *Reyes v. ML Enterprises*, involved counterclaims wholly unrelated to the FLSA claim brought by the plaintiff. No. 21-C-0437, 2021 WL 2226108 (E.D. Wis. June 2, 2021). There, the defendant brought counterclaims alleging fraud, negligence, and theft. Judge Adelman dismissed the fraud claim for failure to state a claim, but declined to exercise supplemental jurisdiction over the negligence and theft claims because they did not share a "common factual basis" with the FLSA claims. *Id.* at *2. Here, the asserted counterclaims undoubtedly share a common factual basis with Plaintiff's FLSA claim and the legal

5

theory behind each counterclaim is closely tied to the FLSA claim. *Reyes* does not persuade the Court that it should decline to exercise supplemental jurisdiction.

In sum, the Court concludes that Defendants' counterclaims are so related to Plaintiff's FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution. Furthermore, finding *Ahle* persuasive, the Court also concludes that none of the reasons articulated in 28 U.S.C. § 1367(c) warrant declining the exercise of supplemental jurisdiction. Therefore, the Court will exercise supplemental jurisdiction over Defendants' counterclaims.

**B. Failure to State a Claim**

Having exercised supplemental jurisdiction over Defendants' counterclaims, the Court may consider Plaintiff's argument that three of the four counterclaims fail to state a claim.[1] Defendants' second counterclaim alleges that Plaintiff breached his fiduciary duty to Defendants, and their third counterclaim alleges that Plaintiff breached his duty of loyalty to Defendants. Am. Answer ¶¶ 61–71. Defendants allege that Plaintiff's "duties, rights, and the trust placed in him, and in fact, put him in a Principal-Agent relationship with [Extreme Customs] such that he owed [Extreme Customs] fiduciary duties." *Id.* at ¶ 62. Plaintiff, according to Defendants, breached his fiduciary duties to them by "intentionally seeking compensation for hours spent tending to entirely personal matters." *Id.* at ¶ 63. To establish a breach of fiduciary duty, a plaintiff must demonstrate: "(1) the defendant owed the plaintiff a fiduciary duty; (2) the defendant breached that duty; and (3) the breach of duty caused the plaintiff's damage." *Berner Cheese Corp. v. Krug*, 2008 WI 95, ¶ 40, 312 Wis. 2d 251, 752 N.W.2d 800. Plaintiff asserts that Defendants have failed to allege sufficient facts to plausibly establish the existence of a fiduciary relationship between the parties,

---

[1] Plaintiff does not seek dismissal of Defendants' breach of contract claim. *See* Dkt. No. 23 at 8.

as is required for both counterclaims. *See Burbank Grease Servs., LLC v. Sokolowski*, 2006 WI 103, ¶ 42, 294 Wis. 2d 274, 717 N.W.2d 781. The Court agrees.

Fiduciary relationships may arise in one of two ways: (1) by contract or a formal legal relationship such as principal and agent or (2) as implied by law due to the factual situation surrounding the transactions and the relationships of the parties to each other. *Prod. Credit Ass'n of Lancaster v. Croft*, 143 Wis. 2d 746, 752, 423 N.W.2d 544 (Ct. App. 1988). Defendants offer only scant details and conclusory statements to support their assertion that Plaintiff owed them a fiduciary duty. They allege that Plaintiff "possessed control over the sales lead process and had knowledge regarding key aspects of [Extreme Customs] business" and that "sales persons, such as [Plaintiff] are key employees." Am. Answer ¶¶ 39–40. They also assert that Plaintiff's duties, rights, and the trust placed in him "put him in a Principal-Agent relationship" with Extreme Customs. *Id.* at ¶ 62.

Defendants' allegation that Plaintiff possessed control over sales leads and had knowledge of their business is true of nearly every sales associate that works for a company—without that control and knowledge, how would they sell? The fact that a sales associate possesses the ability to sell a company's product does not automatically mean that the sales associate owes fiduciary duties to the company. Indeed, nothing about the allegations in this case suggest that a fiduciary relationship would be implied by law based on the relationship between the parties. Furthermore, Defendants' assertions that Plaintiff is in a "Principal-Agent" relationship with Extreme Customs and that he is a "key employee" are legal conclusions that the Court need not accept as true at the pleadings stage. *Iqbal*, 556 U.S. at 678. Defendants are required to plead something more than mere labels and conclusions, *Twombly*, 550 U.S. at 555, and they have not done so here. Therefore, Defendants have failed to plead sufficient facts to plausibly establish that Plaintiff owed them fiduciary duties.

Defendants, in an effort to save their second and third counterclaims, point to *InfoCorp, LLC v. Hunt*, 2010 WI App 3, 323 Wis. 2d 45, 780 N.W.2d 178. There, the Wisconsin Court of Appeals recognized that "there may be 'key employees' whose job responsibilities are of such a nature, in the context of the employer's business, that they may be used to harm the employer. If such employees do harm to their employer during the course of their employment, the employer has a common law remedy for breach of the employee's duty of loyalty." *Id.* at ¶ 31. Whether an employee is "key" is determined by the "specific job responsibilities and the harm to the employer resulting from misuse of those responsibilities." *Id.* The preceding legal rule speaks for itself, but it does not change the fact that Defendants have failed to plausibly allege that Plaintiff was a "key employee," as described above. Furthermore, it is not clear that, even if Defendants had pled adequate facts, the harm that resulted to Defendants could be seen as a "misuse of those responsibilities" that would make Plaintiff a key employee. Defendants allege that Plaintiff is a "key employee" because he is a sales associate who brings revenue into the company. But his alleged falsification of the hours he worked does not stem from his sales responsibilities but rather his general responsibility to track his time. Therefore, even had Defendants pled sufficient facts, the Court would still dismiss Defendants' counterclaim on the ground that they have failed to allege a misuse of those responsibilities that allegedly make Plaintiff a key employee. Defendants' second and third counterclaims, therefore, will be dismissed.

Finally, Defendants' fourth counterclaim is for unjust enrichment. Defendants specifically note that, should the Court determine no contractual relationship exists between Plaintiff and Defendants, "then [Defendants] make this claim as an alternative to breach of contract." Am. Answer ¶ 73. Plaintiff asserts that the unjust enrichment claim must be dismissed because "the doctrine of unjust enrichment does not apply where the parties have entered into a contract." *Cont'l Cas. Co. v. Wis. Patients Comp. Fund*, 164 Wis. 2d 110, 118, 473 N.W.2d 584 (Ct. App.

8

1991) (citing *Watts v. Watts*, 137 Wis. 2d 506, 530, 405 N.W.2d 303 (1987)).  Though it is unclear, it does not appear that Plaintiff disputes the existence of a contractual relationship between the two parties.  *See* Dkt. No. 23 at 8.  This Court has held that, where a party "asserts a breach of contract claim and fails to allege any facts from which it could at least be inferred that the contract on which that claim is based might be invalid, the [party] is precluded from pleading in the alternative claims that are legally incompatible with the contract claim."  *Harley Marine Servs., Inc. v. Manitowoc Marine Grp., LLC*, 759 F. Supp. 2d 1059, 1062–63 (E.D. Wis. 2010).  Here, Defendants have failed to allege any facts from which it could be inferred that the contract on which their claim is based might be invalid.  Therefore, Defendants' counterclaim for unjust enrichment will be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss Defendants' amended counterclaims (Dkt. No. 22) is **GRANTED-IN-PART** and **DENIED-IN-PART**.  The Court concludes that it has supplemental jurisdiction over Defendants' counterclaims, but that Defendants' have failed to state a claim with respect to their second, third, and fourth counterclaims.  Plaintiff has not moved to dismiss Defendants' first counterclaim for breach of contract, and therefore, it will be allowed to proceed.  The Clerk is directed to set this matter for a Rule 16 scheduling conference to discuss further proceedings.

**SO ORDERED** at Green Bay, Wisconsin this 24th day of August, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge